UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL ALLEN SMITH, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 1:05-CV-53 (JCH) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

The matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), filed March 23, 2005. (Doc. No. 1). The matter is fully briefed and ready for a decision.

**BACKGROUND**

On February 22, 1999, Movant Michael Allen Smith ("Movant"), began serving a seventy-nine month sentence ("First Sentence") pursuant to a guilty plea in 1:98-CR-52 ERW.[1] (1:98-CR-52 ERW, Judgment, Doc. No. 25). On December 11, 2003, about nine months before the expiration of his First Sentence, Movant was transferred to a halfway house in southeastern Missouri. (1:04-CR-76 JCH ("Hamilton Case"), Presentence Investigation Report ("PSI"), Doc. No. 33 pg. 2). On February 19, 2004, Movant escaped from federal custody. (Id.). The U.S. Marshal Service took him back into federal custody on March 24, 2004. (Id.). Movant was charged by indictment with one count of escape from custody in violation of 18 U.S.C. § 751(a). (Hamilton Case, Indictment, Doc. No. 1).

---

[1] Movant pled guilty to charges of being a felon in possession of firearms and a felon in possession of stolen firearms. (Webber Case, Judgment, Doc. No. 25). His sentence also included three years of supervised release.

Movant pled guilty on May 24, 2004 and was sentenced on November 15, 2004 to eighteen months imprisonment followed by two years of supervised release ("Second Sentence"). (Hamilton Case, Judgment, Doc. No. 34). Movant did not appeal. The Hamilton Case docket indicates that Movant was released from federal custody on December 7, 2005. (Hamilton Case, Doc. No. 46)

As stated above, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on March 23, 2005(Doc. No. 1). In his § 2255 Motion, Movant presents the following grounds for relief:

1. Movant was denied ineffective assistance of counsel, in violation of the Sixth Amendment, in that his counsel failed to argue his jail time served, while awaiting sentencing, should have been credited towards his Second Sentence; and [2]

2. The Court erred by not crediting his jail time served, while awaiting sentencing, towards his Second Sentence.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255).

---

[2]The Court has reorganized Movant's claims for the sake of clarity.

Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

## DISCUSSION

Before reaching the merits of Movant's claims, the Court must determine whether this cause of action is mooted because he finished serving his sentence in December 2005. Specifically, the Court must determine whether his claim still meets the case or controversy requirement of Article III, § 2, of the Constitution.[3] Spencer v. Kemna, 523 U.S. 1, 7 (1998). The case or controversy requirement means that a plaintiff must "have suffered or be threatened with, an actual injury traceable to the defendant and likely to be redressed by favorable judicial action." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). Stated another way, the on-going case or controversy requirement is no longer met if an event occurs, during the course of the proceedings, that precludes the Court from granting any meaningful relief to the party initiating the action. In re Grand Jury Subpoenas Duces Tecum, 78 F.3d 1307, 1310 (8th Cir. 1996) cert. denied, 519 U.S. 980-81 (1996).

In the context of a § 2255 motion, when movant is released from custody, his case becomes moot unless he can show that his § 2255 motion will still provide him a genuine benefit. Spencer, 523 U.S. at 7 (interpreting mootness in the context of 28 U.S.C. §2254). If a movant is challenging the

---

[3]Movant satisfies the "in custody" requirement of 28 U.S.C. § 2255 because he was in custody at the time his petition was filed. See Beets v. Iowa Dep't of Corrs., 164 F.3d 111 (8th Cir. 1999).

3

underlying conviction, then a § 2255 motion can still benefit him, even after being released, because it may eliminate some of the "collateral consequences that attach to a conviction as a matter of law." See Spencer, 523 U.S. at 8 (quoting Carafas v. LaVallee, 391 U.S. 234, 237 (1968)). Spencer also held that when a movant does not challenge the underlying conviction, a habeas petition cannot provide any meaningful relief to a movant who has completed his sentence. Spencer, 523 U.S. at 7-8; Lane v. Williams, 455 U.S. 624, 631 (1982) ("since respondents elected to only attack their sentences, and since theses sentences expired during the course of proceedings, this case is moot."); Cancel v. Rison, 985 F.2d 404, 405 (8th Cir. 1982) (holding that habeas claim was mooted where petitioner challenging location of incarceration was transferred before the court ruled on his claim).

With these principles in mind, the Court finds that Movant's claim is moot. He explicitly states in his § 2255 Motion that he is not attacking the underlying conviction. (Doc. No. 1, pg. 6). Movant completed his sentence over a year ago and no indications exist that any collateral consequences have occurred, or will occur, because of his sentence's length.[4] This holding is consistent with a recent Eastern District of Missouri decision. See Rehkop v. Moore, No. 4:03-CV-1117 ERW AGF, 2006 WL 903242 at *2-3 (E.D. Mo. Apr. 7, 2006). Thus, the Court concludes that a "live" controversy does not exist and will dismiss Movant's § 2255 Motion as moot.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** and his claims are **DISMISSED**

---

[4] Furthermore, there is no risk that Movant will be subjected to an improperly long supervised release because the supervised release from his First Sentence (three years) completely envelops the supervised release from his Second Sentence (two years).

with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED** as moot.

Dated this 23rd day of January, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE